AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

__NORTHERN__ DISTRICT OF __CALIFORNIA__

UNITED STATES OF AMERICA

v.

**CLARENCE BLAND, JR**
1814 Castro Street
Oakland, California 94612

☒ ORIGINAL

FILED
JAN 31 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CRIMINAL COMPLAINT

CASE NUMBER:

3 07-70022

JL

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about between approximately June 11, 2002, and March 7, 2003, in Marin County and elsewhere, in the Northern District of California, the defendant (i) having knowingly devised a scheme and artifice to defraud and for obtaining money by means of false and fraudulent pretenses and representations, for the purpose of executing such scheme and artifice and attempting so to do, placed and caused to be placed in a post office and authorized depository for mail matter to be sent or delivered by the Postal Service and deposited and caused to be deposited matter to be sent or delivered by a private or commercial interstate carrier, and; (ii) having knowingly devised a scheme and artifice to defraud and for obtaining money by means of false and fraudulent pretenses and representations, transmitted and caused to be transmitted by means of wire communication in interstate commerce a writing, sign, and signal for the purpose of executing such scheme and artifice in violation of Title 18 United States Code, Sections 1341 (Mail Fraud), and 1343 (Wire Fraud).

I further state that I am an FBI Special Agent and that this complaint is based on the following facts:

See Attached Affidavit

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

_____
Signature of AUSA
Timothy P. Crudo

_____
Signature of Complainant
Suzanne Skeels
Special Agent, Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,
January 31, 2007 at San Francisco, California

_____
United States Magistrate Judge

|                           |   |                              |
|---------------------------|---|------------------------------|
| UNITED STATES OF AMERICA  | ) |                              |
|                           | ) |                              |
| v.                        | ) | **AFFIDAVIT OF SPECIAL AGENT** |
|                           | ) | **SUZANNE SKEELS**           |
| CLARENCE BLAND, JR.       | ) |                              |
|                           | ) |                              |

## AFFIDAVIT

I, SUZANNE SKEELS, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1.  I am a Special Agent of the Federal Bureau of Investigation ("FBI"), United States Department of Justice, and have been so employed for over 22 years. I am assigned to the San Francisco Division and work out of the San Rafael Resident Agency office of the FBI. Currently, I am primarily assigned to investigate alleged violations of federal statutes relating to "white collar crimes" as well as economic and financial institution fraud schemes. These investigations typically focus on violations of Title 18, United States Code, Section 1341 (Mail Fraud) and Section 1343 (Wire Fraud).

2.  This affidavit is made in support of a complaint and warrant for arrest for CLARENCE BLAND, JR. The facts set forth in support of the complaint and warrant for arrest arise from an investigation conducted by me and FBI Special Agent Barry Hatfield and are based upon my own personal observations and information provided to me by Special Agent Hatfield; my own training and experience; information provided by the corporate victims, including information obtained during the victims' internal investigations, and; business records, including checks, account statements, and wire transfer records. This affidavit is intended to show that there is probable cause for a complaint and warrant for arrest and does not purport to set forth all of my knowledge of, or investigation into, this matter.

3.  Based on the following, there is probable cause to believe that between approximately June 11, 2002, and April 7, 2003, BLAND committed violations of Title 18, United States Code, Sections 1341 (Mail Fraud) and 1343 (Wire Fraud).

### APPLICABLE STATUTES

4.  Title 18, United States Code, Section 1341 (Mail Fraud) provides:

    Whoever, having devised or intending to devise any scheme or
    artifice to defraud, or for obtaining money or property by means of
    false or fraudulent pretenses, representations, or promises, or to
    sell, dispose of, loan, exchange, alter, give away, distribute, supply,

or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

5.    Title 18, United States Code, Section 1343 (Wire Fraud) provides:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

**DESCRIPTION OF CRIMINAL ACTIVITY**

6.    Between approximately June 11, 2002 and April 7, 2003, BLAND was an Operations Manager at the Salomon Smith Barney ("SSB") branch office in Larkspur, California. During the same period, Stanley Rhodes, who was a friend of BLAND, was a Claims Manager at 21st Century Insurance Company ("21st Century") in San Jose, California.

A.   Fraudulent 21st Century CERs

7.   As part of his duties as a 21st Century Claims Manager, Rhodes prepared Claims Entry Requests ("CERs"). A CER is an internal 21st Century form used to process claims made against a 21st Century insurance policy. Among other things, a CER lists those persons who have made a claim against the policy and are seeking payment from 21st Century.

1.   The Fraudulent March 4, 2003 CER

8.   On or about March 4, 2003, Rhodes prepared a CER in connection with an automobile accident involving a 21st Century insured. The CER falsely included two additional claimants who had no involvement in the accident. These false claimants were in fact friends of BLAND. As a result of this CER, Rhodes caused 21st Century to issue checks in the amount of $6,000 and $4,500 to the uninvolved "claimants." Rhodes mailed these checks to BLAND at the SSB office in Larkspur, California, where BLAND had previously opened and controlled an account in the false claimants' names.

9.   BLAND thereafter deposited the checks into the SSB account. According to SSB records, on or about March 7, 2003, BLAND caused interstate wire transfers from that SSB account in the amounts of $7,500 and $3,500 to a Kinecta Federal Credit Union ("KFCU") account number controlled by Rhodes.

2.   The Fraudulent December 5, 2002 CER

10.   On or about December 5, 2002, Rhodes prepared another CER, this time falsely naming BLAND as a claimant in connection with another claim against a 21st Century policy. BLAND in fact was not involved in the incident giving rise to the claim. As a result of this CER, 21st Century issued a check in the amount of $6,500 payable to BLAND. Rhodes then mailed this check to BLAND at BLAND's Larkspur office.

11.   According to SSB account records, on or about December 9, 2002, BLAND, upon receiving the check identified in paragraph 10, deposited $1,500 into his own SSB account and $5,000 into an SSB account controlled by Rhodes.

3.   The Fraudulent September 27, 2002 CER

12.   On or about September 27, 2002, Rhodes prepared another CER, which again named BLAND as a false claimant against a 21st Century policy. BLAND in fact was not involved in the incident giving rise to the claim. As a result of this CER, 21st Century issued a check in the amount of $7,500 payable to BLAND. Rhodes then mailed this check to BLAND at BLAND's Larkspur office.

B.  Embezzlement from SSB Client Accounts

13. Investigators believe that, in addition to the use of fraudulent 21st Century CERs, BLAND also used the interstate wires in a scheme to embezzle funds from SSB clients. On or about June 11, 2002, BLAND, while Operations Manager at SSB, misappropriated several checks totaling approximately $28,000 intended for deposit into an SSB customer account. According to SSB account records, BLAND deposited some of these checks into two SSB accounts under his control and used those funds to execute options trades for his own benefit, realizing a profit of approximately $11,000 between June 12, 2002 and June 27, 2002.

14. According to SSB account records, on or about June 27, 2002, BLAND caused an interstate wire transfer of $21,340 to a KFCU account belonging to Rhodes, which transfer investigators believe was made in an effort to conceal the source, ownership, and origin of the funds described in paragraph 13.

C.  The Internal Corporate Investigations

15. On or about June 16, 2003, the Internal Audit Department of 21st Century initiated an investigation that identified numerous fraudulent insurance claims checks relating to claims that had been approved by Rhodes. That investigation included at least two interviews with Rhodes. During those interviews, Rhodes admitted that he had utilized CER forms to generate fraudulent claims checks that were made payable to several of his friends, including BLAND, and that he had caused these claims checks to be mailed. Rhodes also admitted that he had worked with BLAND through BLAND's employment at SSB in order to carry out his fraud scheme.

16. On or about June 16, 2003, the Audit Department at Citicorp, the parent company of SSB, initiated a fraud investigation of RHODES. That investigation determined that, among other things, BLAND had engaged in the embezzlement and diversion of funds between various SSB client accounts for his own benefit as set forth in paragraphs 13 and 14 as set forth above.

17. Based on the forgoing paragraphs, there is probable cause to believe that BLAND has violated Title 18 of United States Code, Section 1341 (Mail Fraud) and Section 1343 (Wire Fraud).

*Suzanne Skeels*
Suzanne Skeels, Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me this 31 day of January, 2007.

United States Magistrate Judge

JAMES LARSON
U.S. CHIEF MAGISTRATE JUDGE