BARRY J. PORTMAN
Federal Public Defender
GEOFFREY A. HANSEN
Chief Assistant Federal Public Defender
19th Floor Federal Building – Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant BLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-07 - 352 MHP |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S SENTENCING |
| | ) | MEMORANDUM |
| vs. | ) | |
| | ) | |
| CLARENCE BLAND, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is set for sentencing on February 25, 2008 at 9:00. Based upon his calculation of "relevant conduct" and the guidelines resulting from that conduct, the Probation Officer has determined Mr. Bland's guideline range to be 12-18 months, and has recommended a sentence of 12 months and one day (the same sentence imposed upon the codefendant in this case, Stanley Rhodes).

The defendant requests a sentence in this case substantially below the guideline range for the following reasons.

**I. Background**

The actions giving rise to these charges occurred between 2002-2003, over five years ago. At that time, Mr. Bland was in a position to buy and sell stocks and bonds, and he eventually

SENTENCING MEMO                                    1

began to "play the market" in hopes of securing large sums of money for himself and his clients. Eventually, his investments resulted in large losses, but by then Mr. Bland had become addicted to the practice of day trading and could not control his investment activities. Eventually, his close personal friend and fellow gambler Stanley Rhodes approached him and suggested that they devise a fraudulent insurance scam scheme to make up for the money both had lost through their investment activities. Mr. Bland agreed, and eventually ended up stealing the money at issue in this prosecution.

Importantly, Mr. Bland realized the extent of his problem back in 2003 after his illegal actions came to the attention of authorities, and he began to attend Gamblers Anonymous. Mr. Bland has no other criminal record. Since this offense occurred, Mr. Bland has not been involved in any other illegal activities. He has worked steadily as a longshoreman, insofar as he cannot work in the securities field due to the instant offense. Nonetheless, he has a monthly negative cash flow, and struggles even with his steady work to make ends meet. He lives at home with his 66 year-old mother and her disabled mother (*i.e.* Mr. Bland's grandmother).

Although Mr. Bland confessed early on to his actions, this prosecution was not brought until 2007. The stress from waiting to see what would happen with this case over the last five years has taken a substantial and unfortunate toll on Mr. Bland. He has at times suffered from depression, and has on a few occasions contemplated suicide. He has put his life on hold waiting to see what would come of the case, and he remains extremely anxious about the upcoming court appearance.

**II. Argument**

Over five years ago, Mr. Bland threw away a promising future and career when he became addicted to day trading and began betting on the stock market. In an effort to cover his losses, he stole money from his employers. The scheme he devised came to light, and he confessed and left the investment business. He as waited since then for the day he will be sentenced for his actions.

SENTENCING MEMO                             2

1        To the extent that the guidelines are to be used by this court to fashion a fair and equitable
2  sentence, this truly aberrant act by Mr. Bland does not merit a jail sentence, at least at this point
3  some five years after the events at issue.  Mr. Bland committed no crimes before this offense, and
4  has lived a completely law-abiding life since then.  He struggles to get by, but works steadily to
5  support himself as best he can.  He realizes that in all likelihood he will never work in a white
6  collar job again, and regrets beyond words how he became addicted to playing the stock market
7  and engaging in the dishonest scheme which resulted in this prosecution.

8        Despite the fact that this was a one-time offense caused solely by Mr. Bland's investment
9  addiction, the Probation Officer has indicted that the seriousness of the offense merits a jail
10 sentence.  Undersigned counsel respectfully disagrees.  Mr. Bland has learned his lesson; in the
11 last five years, he has paid an unbelievably severe psychological price for his actions.  He has
12 struggled with depression, both because he knew that someday he would be prosecuted, and
13 because he realized what his actions have done to the quality of his life.  He promised himself
14 that this would never happen again, and his behavior over the past five years proves he has kept
15 that promise to himself.

16       There seems to be little to recommend a jail sentence here except general deterrence; Mr.
17 Bland poses a threat to no one, and the fact that this case has been hanging over this head has
18 punished him severely.  If this court sentences him to the jail recommended by the Probation
19 Officer, he will go to a camp and serve approximately 10 months.  This will cost him his job, and
20 will result, if anything, in the elimination of his ability to make meaningful restitution to the
21 victims of this offense.  Thus, the only reason for imposing the sentence is to tell others that there
22 is a serious penalty for actions such as this.

23       While such a purpose is certainly laudable in many cases, this is not one. The delay alone
24 in bringing this case hardly suggests that it is the kind of case which should be used to make an
25 example of white collar offenders.  Combining this fact with the fact that this was a truly aberrant
26 act by Mr. Bland, it would seem that a probationary sentence with house arrest would serve the

SENTENCING MEMO                    3

1 | same purposes as jail without costing Mr. Bland his job.

2 |     Mr. Bland is a good man who made a one-time mistake. Counsel asks that this court
3 | sentence him to a probationary term of three years, with the condition that he spend 12 months in
4 | home detention. Considering all of the factors in 18 U.S.C. § 3553, this is a fair and just
5 | sentence.

7 | Dated: February 19, 2008

                                       Respectfully submitted,

                                       BARRY J. PORTMAN
                                       Federal Public Defender

                                               /s/

                                       GEOFFREY A. HANSEN
                                       Chief Assistant Federal Public Defender

SENTENCING MEMO                                    4