JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

TIMOTHY P. CRUDO (CSBN 143835)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7234
    Timothy.Crudo@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR 07-0352 MHP |
|     Plaintiff, ) | THE UNITED STATES' SENTENCING MEMORANDUM |
|     v. ) | Date: February 25, 2008 |
|  ) | Time: 9:00 a.m. |
| CLARENCE BLAND, ) | Courtroom of the Hon. Marilyn Hall Patel |
|     Defendant. ) | |

    The United States respectfully submits this Sentencing Memorandum pursuant to Criminal Local Rule 32-5(b).

    For the reasons set forth herein and in the Presentence Report ("PSR"), the United States, applying the relevant Sentencing Guidelines, calculates an offense level of 13. Based upon the Sentencing Guidelines calculation and consideration of the factors set forth in 18 U.S.C. § 3553, and consistent with the recommendations of the PSR, the government recommends a sentence of 12 months incarceration, no fine, and restitution in the amount of $100,758.

///

### A. The Offense Conduct

The defendant's conduct is set out in more detail in the PSR. Briefly, defendant Clarence Bland was an Operations Manager in the Larkspur, California Office of Salomon Smith Barney ("SSB"). On numerous occasions between 2000 and 2003, Mr. Bland, working together with his friend, Stanley Rhodes, a manager in the Claims Department at 21st Century Insurance Company (21st Century), generated false insurance claims and caused 21st Century Insurance Company to issue checks to bogus claimants. A number of those checks were mailed to Mr. Bland, who deposited them into SSB accounts and caused wire transfers from those accounts to another account belonging to Mr. Rhodes. Mr. Rhodes then wrote a check back to Mr. Bland to share in the proceeds. On other occasions Mr. Rhodes use false forms to cause checks to issue directly (by mail) to Mr. Bland. Mr. Rhodes also prepared fraudulent forms for other third parties, who received these checks by mail. Although Mr. Rhodes created approximately $130,000 in false 21st Century claims, Mr. Bland was directly involved in false claims totaling approximately $23,500. *See* PSR, ¶¶ 4-16. In addition, Mr. Bland, working with Mr. Rhodes, embezzled approximately $77,258 directly from SSB accounts. *Id*., ¶¶ 17-19. The government contends that the amounts embezzled from SSB are the fruits of relevant conduct. U.S.S.G. § 1B1.3.

Mr. Bland pleaded guilty, without a plea agreement, to an Information charging him with one count of mail fraud.

### B. The Sentencing Guidelines Calculation

The Supreme Court recently set out the procedures the Court must follow at sentencing. The Court should begin by correctly calculating the applicable United States Sentencing Guidelines range. *Gall v. United States*, __ U.S. __, 128 S.Ct. 586, 596 (2007) (Guidelines are "the starting point and the initial benchmark"). While the Guidelines are advisory, the Court must "remain cognizant of them throughout the sentencing process" and "must give serious consideration to the extent of any departure from the Guidelines." *Id*. at 594, 596 n. 6 (although advisory, the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions") (footnote omitted).

/ / /

1   The Court should then consider all of the factors set out in 18 U.S.C. § 3553(a).  *Gall*,
2   128 S.Ct. at 596; *Kimborough v. United States*, __ U.S. __, 128 S.Ct. 558, 570 (2007).  The
3   Guidelines calculation ordinarily "will reflect a rough approximation of sentences that might
4   achieve § 3553(a)'s objectives."  *Kimborough*, 128 S.Ct. at 576 (internal punctuation and citation
5   omitted).  After settling on the appropriate sentence, the Court must adequately explain the
6   chosen sentence, including any deviation from the Guidelines range.  *Gall*, 128 S.Ct. at 597.

7   Appellate review of sentencing decisions are carried out under an abuse-of-discretion
8   standard and are limited to determining whether such decisions are "reasonable"  *Gall*, 128 S.Ct.
9   at 594, 597.

10  The PSR calculates an Offense Level of 13: a base offense level of six; an increase of
11  eight levels for a loss exceeding $70,000; an increase of two levels for abuse of a position of
12  trust, and; a decrease of three levels for acceptance of responsibility.  PSR, ¶¶ 25-35.  The United
13  States agrees with the PSR's calculation.

### C.    A Fine

Based upon the offense level calculated in the PSR, the recommended fine range is
$3,000 to $30,000, with a statutory maximum of $250,000.  PSR, ¶ 63.  The defendant does not
appear to have the financial ability to pay a fine.  *See* PSR, ¶ 54.  Given the defendant's limited
financial resources as reported and the potential amount of restitution, the government does not
object to the Court limiting any pecuniary aspect of the sentence to restitution.  *See* 18 U.S.C. §
3572(a) (among factors to consider is defendant's income, earning capacity, and financial
resources and the burden that the fine will impose upon the defendant); (b) ("the court shall
impose a fine or other monetary penalty only to the extent that such fine or penalty will not
impair the ability of the defendant to make restitution").

/ / /
/ / /
/ / /
/ / /
/ / /

**D.     Restitution**

The PSR recommends that Mr. Rhodes be ordered to pay $23,500 in restitution to 21st Century.[1]  PSR, ¶ 67.  The United States agrees.  The United States further submits that Mr. Bland should be ordered to pay restitution to SSB in the amount of $77,258.

The Court is empowered to order the defendant to pay restitution.  The Victims and Witnesses Protection Act ("VWPA") provides that, in sentencing a defendant convicted of an offense under Title 18, the Court "may" order, in addition to any other penalty authorized by law, that the defendant "make restitution to any victim of such offense."  18 U.S.C. § 3663(a)(1)(A); *see also* 18 U.S.C. § 3663(a)(2).  In determining whether to order restitution under the VWPA, the Court "shall consider" the amount of loss sustained by each victim, the defendant's financial resources, the needs of his dependants, and such other factors the Court deems appropriate.  18 U.S.C. § 3663(a)(1)(B)(I).

Although restitution under the VWPA is discretionary, recent amendments have made it clear that the mandate of "'full' restitution" applies to the VWPA.  *United States v. Day*, 418 F.3d 746, 756 (7th Cir. 2005).  18 U.S.C. § 3664, which sets forth the procedure for issuance and enforcement of an order of restitution, provides that "[i]n each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."  18 U.S.C. § 3664(f)(1)(A).  At least one appellate court has addressed the tension between section 3663's discretionary nature and section 3664's mandatory directive.  *See Day*, 418 F.3d at 756-57.

The defendant was convicted of an offense under Title 18 and thus falls within the VWPA.[2]

---

[1] The government notes that the Court already ordered Mr. Rhodes to pay restitution to 21st Century covering the same stolen funds.  The Court has the discretion to apportion some or all of this amount between Messrs. Rhodes and Bland or to make them jointly and severally liable for the entire sum, but it is not required to do so.  *United States v. Foreman*, 329 F.3d 1037, 1039 (9th Cir. 2003); 18 § U.S.C. 3664(h).

[2] A separate restititionary statute, the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, is limited to offenses that are not at issue here.  *See* 18 U.S.C. § 3663A(a)(1), (c)(1) (crimes of violence, offenses against property, or offenses relating to tampering with

1      The defendant does not appear to have any dependents. PSR, ¶ 43. The United States
2  recognizes that the defendant currently has a negative net worth and a negative monthly cash
3  flow. *Id.*, ¶ 53. The Court may consider the defendant's financial condition and prospects in
4  determining a payment schedule, including ordering nominal period payments. 18 U.S.C. §
5  3664(f).

6  DATED: February 19, 2008        Respectfully submitted,

7                                    JOSEPH P. RUSSONIELLO
                                United States Attorney

8                                    /S/

9                              _____
10                              TIMOTHY P. CRUDO
                            Assistant United States Attorney

---

27  consumer products). While the MVRA makes restitution mandatory, it and the VWPA are, for the most part, identical in all important respects, and courts interpreting these statutes look to and rely on cases decided under one provision in interpreting the other. *See United States v. Gordon*, 393 F.3d 1044, 1048 (9th Cir. 2004).