# UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF CALIFORNIA
San Francisco Venue

**Request to Modify the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:　　Clarence Bland Jr.　　　　Docket No.:　CR 07-00352-01 MHP

Name of Sentencing Judge:　Marilyn Hall Patel
　　　　　　　　　　　　　United States District Judge

Date of Original Sentence:　February 25, 2008

Original Offense:
Count 1: Mail Fraud, 18 U.S.C. § 1341, a Class C felony

Original Sentence: Three years probation

Special Conditions: community confinement 6 months; special assessment $100.00; restitution $24,500; mental health treatment; access to financial information; no position of fiduciary responsibility; not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons; DNA collection; gambling prohibition

Type of Supervision: Probation　　　　　　　Date Supervision Commenced: February 25, 2008
Assistant U.S. Attorney: Timothy P. Crudo　　Defense Counsel: Geoffrey A. Hansen (AFPD)

**Petitioning the Court**

To modify the conditions of supervision as follows:

> The defendant shall participate in the Home Confinement with Electronic Monitoring Program and shall abide by all the requirements of the program for a period of four (4) months. The defendant shall pay the cost of monitoring at a rate not to exceed $6.00 per day unless it is determined by the probation officer that he has an inability to pay. A co-payment amount will then be determined by the probation officer. The defendant is restricted to his residence at all times except for activities which have been pre-approved by the probation officer, including employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, or court ordered obligations. During the term of home confinement, the defendant shall abstain from the use of alcohol and shall submit to drug or alcohol testing as directed by the probation officer.

Clarence Bland                                                                    Page 2
CR 07-00352-01 MHP

And

The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

## Cause

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that the offender violated special condition number seven that he shall reside for a period of six (6) months at Cornell Corrections Facility and shall abide by the rules of that facility. |

On April 10, 2008, Mr Bland entered the program at Cornell and was orientated to the rules of that facility. Since that time, he has received two incident reports and was ultimately terminated from the program on June 24, 2008. On April 19, 2008, he was cited for not being accountable in the community, he left the facility without signing out after being told that he was not authorized to do so. Furthermore, on June 18, 2008, he received another incident report for testing positive for cocaine.

Evidence in support of this allegation are the Incident Report and the Terminal Report received from Cornell Companies.

Two    There is probable cause to believe that the offender violated the mandatory condition that he shall refrain from any unlawful use of a controlled substance.

Mr. Bland tested positive for the use of cocaine from a urinalysis test administered on April 10, 2008 and June 18, 2008, by Tracy Baker, a monitor at Cornell Companies in Oakland, California.

Evidence in support of this charge is contained in the lab test results form specimen numbers C01002240 and C01002416. The test was analyzed by Kroll Laboratories in Richmond, Virginia, and confirmed the positive urinalysis for Cocaine.

Clarence Bland                                                                                     Page 3
CR 07-00352-01 MHP

Mr. Bland vehemently denied any illicit substance use and indicated that he had dental work on June 4, and 16, 2008, that was verified by the undersigned. He believes that the anesthesia used in his dental procedures produced a positive result for Cocaine. Conversely, research revealed that there is an anesthesia used by the dental profession that could produce the metabolite Benzoylecgonine (cocaine), however, the offender was not given that particular drug during his procedure. Thus, he also provided a listing of prescribed medications from Kaiser, which denoted a prescription for Hydrocodone and he admitted to using that substance after his dental procedure. However, there was no indication of opiate use in the lab report and only the use of cocaine would produce the Benzoylecgonine metabolite.

At sentencing the mandatory drug testing condition was suspended based upon the court's determination that Mr. Bland possessed a low risk of future substance abuse which prevents probation from testing the offender to determine if he has reverted to drug use.

Based upon the foregoing, Mr. Bland has agreed by signing the attached waiver to modify his conditions of supervision to include participation in the electronic monitoring program for four (4) months and participation in the drug testing and treatment program

The Assistant U.S. Attorney, Timothy P. Crudo, was notified and there are no objections.

Respectfully submitted,                              Reviewed by:

_Myra L_ _____                           _Daniel Zurita_ _____
Myra Turner                                          Daniel Zurita
U.S. Probation Officer                               Supervisory U.S. Probation Officer

Date Signed: July 21, 2008

Clarence Bland  Page 4
CR 07-00352-01 MHP

THE COURT ORDERS:

☑ To modify the conditions of supervision as follows:

The defendant shall participate in the Home Confinement with Electronic Monitoring Program and shall abide by all the requirements of the program for a period of four (4) months. The defendant shall pay the cost of monitoring at a rate not to exceed $6.00 per day unless it is determined by the probation officer that he has an inability to pay. A co-payment amount will then be determined by the probation officer. The defendant is restricted to his residence at all times except for activities which have been pre-approved by the probation officer, including employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, or court ordered obligations. During the term of home confinement, the defendant shall abstain from the use of alcohol and shall submit to drug or alcohol testing as directed by the probation officer.

The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

☐ Submit a request for warrant
☐ Submit a request for summons
☐ Other:

_____7/30/08_____        _____
Date                                        Marilyn Hall Patel
                                            United States District Judge

NDC-PROB 49 02/01/05

# UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF CALIFORNIA

Defendant Name: Clarence Bland

Docket No.: _____

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term Of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel", I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

AND

The defendant shall participate in the Home Confinement with Electronic Monitoring Program and shall abide by all the requirements of the program for a period of four (4) months. The defendant

☑ *continued on next page*

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct and that this declaration was executed on the date indicated at

Signed: _____  Date: 07/07/08
Probationer or Supervised Releasee

Witness: _____  Date: 7/07/08

PROB 49

Defendant Name: Clarence Bland
Docket No.: _____

## Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extent Term Of Supervision
*(continued)*

shall pay the cost of monitoring at a rate not to exceed $6.00 per day unless it is determine by the probation officer that he has an inability to pay. A co-payment amount will then be determined the probation officer. The defendant is restricted to his residence at all times except for activities which have been pre-approved by the probation officer, including employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, or court order obligations. During the term of home confinement, the defendant shall abstain from the use of alcohol and shall submit to drug or alcohol testing as directed by the probation officer.